UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM H. COLTON, III,                                              **DECISION**
                                                                                            **and**
                              Plaintiff,                                        **ORDER**

            v.                                                                   **21-CV-467JLS(F)**

ROBERT J. FULLER,
TFR DISTRIBUTION LLC,
TROYER MANUFACTURING LLC,

                                        Defendants
                              Counter Claimants,

            v.

WILLIAM H. COLTON, III,

                              Counter Defendant.
_____

APPEARANCES:            RUPP, BAASE, PFALZGRAF, CUNNINGHAM
                                    Attorneys for Plaintiff and Counter Defendant
                                    JAMES J. GRABER, of Counsel
                                    424 Main Street, Suite 1600
                                    Buffalo, New York   14202

                                    HARTER, SECREST AND EMERY LLP
                                    Attorneys for Defendants and Counter Claimants
                                    KENNETH W. AFRICANO, of Counsel
                                    50 Fountain Plaza, Suite 1000
                                    Buffalo, New York   14202-2293


        In this diversity action, Plaintiff alleges Defendants breached asset purchase,

lease and employment agreements in connection with Defendants' acquisition of

Plaintiff's company, Troyer, Inc. ("Troyer") located in Gates, New York, which

manufacturers NASCAR and DIRT race cars customized for racing on dirt and modified

asphalt racetracks.  More specifically, under the asset purchase agreement Defendant

Troyer Manufacturing LLC assumed $363,993 of Troyer's outstanding indebtedness

and agreed to pay Plaintiff, on an installment basis, an additional $109,000, lease the Troyer premises from Plaintiff for the purpose of manufacturing of Troyer brand race cars at the Gates location, and continue Plaintiff's employment with the Troyer operation for five years at an annual salary of $150,000.

Defendants assert several counterclaims including conversion, breach of the asset purchase agreement by inflated asset valuation, promissory estoppel in connection with an asserted purchase of Troyer's Gates manufacturing premises, and restitution based on Defendant Fuller's partial performance of the agreement to purchase the Troyer manufacturing premises.  Plaintiff's Amended Answer to Defendants' counterclaims was filed on August 5, 2021.  According to the Second Amended Scheduling Order, discovery is to conclude May 17, 2022 (Dkt. 28).

By letter filed November 1, 2021 (Dkt. 17), Plaintiff requested a discovery conference with the court to address Defendants' failure to provide timely discovery as asserted by Plaintiff, particularly document production and interrogatory answers in response to Plaintiff's production requests and interrogatories served July 8, 2021.  At the court's direction, in lieu of the requested conference, Plaintiff filed, on December 23, 2021, Plaintiff's motion to compel (Dkt. 20) ("Plaintiff's motion").  In declining to conduct the requested conference the Plaintiff was reminded by the court to "comply fully with Rule 37(a)(1) and Local Rule of Civil Procedure 7(d)(3)" which requires the parties meet and confer to resolve discovery disputes and to avoid the need for judicial intervention. Dkt. 20-3 at 2.

According to the record, Plaintiff's discovery requests include Defendants' answers to interrogatories relating to Defendants' obligations to make various payments

toward Troyer's indebtedness as required by the asset purchase agreement, Plaintiff's
salary as required by the employment agreement, the circumstances of Plaintiff's
alleged termination, and particularization of Defendants' assertions regarding the false
valuation of the Troyer assets by Plaintiff as an inducement to Defendant Fuller's
decision to enter into the asset purchase agreement.  Dkt. 20-2.  Plaintiff's document
production requests sought all documents supporting Defendants' affirmative defenses
and counterclaims, supporting Defendants' answers to Plaintiff's interrogatories, all
documents, including drafts, relating to the asset purchase lease and employment
agreements, along with executed copies of the agreements, all documents evidencing
"the creation of Troyer," a description of the assets Defendants acquired from Plaintiff
under the asset purchase agreement, any document evidencing Defendants' obligations
to pay down Troyer's outstanding indebtedness and Defendants' actual payments of
such debts, documents pertaining to Defendants' obligation to pay Plaintiff under the
employment agreement, and documents relating to Defendants' alleged termination of
Plaintiff, and all other documents relating to the value of Troyer assets that were subject
to the asset purchase agreement.  The period covered by Plaintiff's demands was
undefined by Plaintiff but presumably covered the beginning of the parties' negotiations
leading to the several relevant agreements beginning in April 2019.  Dkt. 20-2.  As
noted, Plaintiff's discovery demands were served July 8, 2021, Dkt. 20-1 ¶ 2;
Defendants' responses were not timely served as the parties engaged, without success,
in mediation on July 30, 2021 (Dkt. 20-1 at 2).  Thereafter, in response to Plaintiff's
demand for Defendants' responses, Defendants requested and Plaintiff consented to an
extension of time to October 22, 2021 for service of Defendants' discovery responses.

*Id.* Defendants then requested additional time to serve responses to October 29, 2021, which request was again granted by Plaintiff. *Id.*

Following the court's decision to decline Plaintiff's November 1, 2021 request for a conference, on November 3, 2021, Plaintiff requested Defendants advise as to when Defendants' "complete responses" will be served. Dkt. 20-3 at 4. Plaintiff again requested Defendants' response in an e-mail dated November 9, 2021. *Id.* Defendants did not immediately reply to Plaintiff's e-mails, however, on November 11 and 12, 2021, Defendants serve *pro forma* responses including 'boiler-plate objections;' significantly, Defendants also stated Defendants will produce responsive documents. *See* Dkt. 20-4 at 3-113. At that time, as Defendants had stated, Defendants also produced numerous Bates Numbered (DEF 000062 – 0000161) documents, copies of responsive correspondence including e-mails, related to the agreements and copies of the executed agreements relating to Plaintiff responsive to Plaintiff's document requests. *Id.* In Defendants' November 12, 2021 e-mail to Plaintiff serving these documents, Defendants stated Defendants' intention to "get more documents for production." Dkt. 20-4 at 2. At that time, Defendants did not, however, serve answers to Plaintiff's interrogatories; Defendants' answers were not served until January 20, 2022 (Dkt. 23 at 7-14). In response to Plaintiff's November 18, 2021 e-mail inquiry regarding when Plaintiff should expect Defendants' further responses to Plaintiff's document requests, Dkt. 22-1 at 2, Defendants responded on November 18, 2021 that further responsive documents such as bank records, cancelled checks and voluminous (requiring Defendants' review of "a ton of") e-mails would be forthcoming. *Id.* Defendants also advised Defendants' counsel needed to review the documents prior to answering

4

Plaintiff's interrogatories. *Id.*

In its briefing schedule, the court directed the parties limit their responses to Plaintiff's motion to whether the prerequisite meet and confer certification required by Fed.R.Civ.P. 37(a)(1) ("Rule 37(a)(1)"), had been satisfied.  *See* Dkt. 21.  Defendants maintain that despite Plaintiff's motion and the court's direction that Plaintiff comply with Rule 37(a)(1) and Local Rule 7(d)(3), *see* Dkt. 20-3 at 2, no such meet and confer session had been conducted between the parties.  Dkt. 22 ¶ 2.  Plaintiff counters that Plaintiff's motion was necessitated because of Defendants' refusal to serve complete discovery responses specifically, that Defendants, as of that time, failed to serve answers to Plaintiff's interrogatories, Dkt. 23 ¶ 3, and were producing documents on a rolling basis, *i.e.*, as Plaintiff stated, "here are some documents" and "more are on the way."  *Id.* ¶ 8.  Defendants also object that Plaintiff had, as of Plaintiff's motion, failed to provide timely responses to Defendants' discovery requests served July 26, 2021 and September 28, 2021.  Dkt. 24 ¶ 4.

Fed.R.Civ.P. 37(a)(1) requires that prerequisite to a motion to compel discovery, the requesting party confer or attempt to confer in good faith with the opposing party to obtain discovery sought by the requesting party "in an effort to obtain [the discovery] without court action."  *See Gugino v. City of Buffalo*, 2021 WL 5239901, at *3. Additionally, Local Rule of Civil Procedure 7(d)(3) requires the moving party aver that "sincere efforts to resolve the dispute have been made."  *Id.*  "It is not enough [for purposes of Rule 37(a)(1)] for a party to go through the motions of conferring," rather, the moving party must make "a genuine attempt to resolve the dispute through non-judicial means."  *Azzarmi v. Key Food Stores Co-Operative, Inc.*, 2021 WL 1734922, at

*3 (S.D.N.Y. May 3, 2021) (internal quotation marks and citations omitted).  For purposes of Rule 37(a)(1) "'confer' means to meet, in person or by telephone, and make a genuine effort to resolve the dispute" by addressing exactly what the party is requesting, what responsive material the responding party is capable of producing, including a reasonable timetable for production, and what issues genuinely require a judicial determination.  *Big Apple Pyrotechnics v. Sparktacular, Inc.*, 2006 WL 587331, at *1 (S.D.N.Y. Mar. 6, 2006).  A mere "exchange of letters between counsel stating positions 'for the record' is not compliance with the confer requirement of Rule 37(a)(1), *id.*, and "failure to hold a good faith conference is ground for the award of attorney's fees and other sanctions."  *Id.* (citing 28 U.S.C. § 1927 (authorizing sanctions for vexatious litigation misconduct)); *Apex Oil Co. v. Belcher Co.*, 855 F.2d 1009, 1019-20 (2d Cir. 1988)).  As applicable here, such issues would necessarily include a reasonable timetable for completion of Defendants' discovery obligations to Plaintiff.

Further, e-mail exchanges between counsel may, in the court's discretion, satisfy Rule 37(a)(1), where preceded by repeated inquiries regarding the status of production but without meaningful responses.  *See Ergas v. Eastpoint Recovery Group, Inc.*, 2021 WL 1711321, at *6 (W.D.N.Y. Apr. 30, 2021).  It is within the court's discretion to determine whether the parties have complied with Rule 37(a)(1) and whether further efforts to comply would be futile.  *Id.* (citing *Apex Oil Co.*, 855 F.2d at 1019-20; *Woodward v. Holtzman*, 2018 WL 5112406, at *2 (W.D.N.Y. Oct. 18, 2018)).  *See also United States v. Acquest Transit LLC*, 319 F.R.D. 83, 89 (W.D.N.Y. 2017) (Rule 37(a)(1) meet-and-confer requirement does not apply where record shows such attempt would be futile).

In addition, as relevant here, document production in response to a Fed.R.Civ.P. 34(a) demand on a "rolling basis," *i.e.*, piecemeal, is a judicially accepted manner of compliance with the rule. *See Gugino*, 2021 WL 5239901, at *3 (citing *United Illuminating Co. v. Whiting-Turner Contracting Co.*, 2019 WL 4926402, at *2 (D.Conn. Oct. 7, 2019), and other caselaw. However, such rolling production should be limited to a reasonable time limit. *See id.* at *3 (citing *In re Zyprexa Products Liability Litig*, 2005 WL 2237791, at *1 (E.D.N.Y. Mar. 10, 2005)).

Here, the record shows that after Plaintiff initially granted Defendants an extension of time, to October 21, 2021, *see* Dkt. 20-1 at 2, Plaintiff granted Defendants a second extension of time to October 29, 2021, *id.*, within which to respond to Plaintiff's discovery requests, Defendants served a substantial amount of responsive documents in November 2021, specifically on November 11 and 12, 2021, following Plaintiff's November 1, 2021 letter to the court seeking a conference with counsel, indicating that Plaintiff believed Defendants' counsel was then available for such a conference with Plaintiff's counsel, in lieu of motion practice. Indeed, Defendants' response to Plaintiff's November 18, 2021 e-mail inquiring when to expect Defendants' further production indicates Defendants were then engaged in searching for and retrieval of responsive documents. *See* Dkt. 22-1 at 2. Significantly, Plaintiff's inquiry was not ignored by Defendants; instead Defendants indicated their document production, including obtaining copies of numerous cancelled checks from a bank, would be completed within a couple of weeks. *Id.* A review of Plaintiff's reply also fails to suggest Defendants' production estimate was incorrect. *See* Dkt. 23 (*passim*). Consistent with Defendants' estimate, additional documents were served by Defendants on December 6, 2021 (Dkt.

20-5 at 4).  Further, Defendants did not ignore Plaintiff's December 9, 2021 e-mail requesting when Plaintiff could expect to receive additional documents, *see* Dkt. 20-5 at 8, Dkt. 20-5 at 6, 7, and Plaintiff's need for more specifics could also have been pursued and presumably satisfied in telephone calls to Defendants' attorney. Defendants' response to Plaintiff's motion also represents Defendants' document production will be complete by January 24, 2022, the date the court's briefing schedule required filing of Defendant's surreply, *see* Dkt. 22 ¶ 6, a representation not disputed by Plaintiff and, again, demonstrating Defendants' willingness to comply fully with Plaintiff's request. *See* Dkt. 23 ¶ 10 ("It still remains unclear if more documents are forthcoming").  Why this simple question, as put forth by Plaintiff, could not be resolved to Plaintiff's satisfaction by an actual meet and confer between counsel is not explained by Plaintiff. Thus, the record does not support that Plaintiff was, prior to filing the instant motion, confronted with a recalcitrant opponent which continuously refused to provide requested document discovery.  Similarly, Plaintiff's objection that Defendants' initial interrogatory answers require more explicit correlation with Defendants' document production, *see* Dkt. 23 ¶ 11(a), could, in the court's experience, have also been readily resolved in a good faith meet and confer session between counsel, thus avoiding the instant motion on this issue.  In fact, in Plaintiff's reply, Plaintiff's main complaint as described by Plaintiff's counsel's declaration was not that Defendants had failed to complete document production or provide interrogatory answers in a more timely manner, but that Defendants' document production failed to correlate the documents with Plaintiff's specific interrogatories and document requests so as to facilitate Plaintiff's determination of the degree of Defendant's compliance with Plaintiff's document

requests.  *See* Dkt. 23 ¶¶ 8, 11.  Again, it appears to the court that this also is an issue that should have been amenable to resolution by experienced counsel in a good faith and sincere conferral as required by the rules.  Moreover, as this record demonstrates, it is highly unlikely such attempts at cooperative resolution would have been futile.

Plaintiff also complains Defendants' interrogatory answers require clarification related to Defendants' documents, Dkt. 23 ¶ 11(c), and that the answers are not verified as required by Fed.R.Civ.P. 33(b)(3), (5) (interrogatory answers to be signed under oath by persons making answers; attorney to sign for objections).  However, here again, the court finds Plaintiff points to no reason to believe these deficiencies could not have been fruitfully discussed in a telephone call with Defendants' attorney and satisfactorily resolved without necessitating the filing of Plaintiff's motion.  The e-mails issued by Plaintiff seeking Defendants' discovery responses may thus be fairly characterized as perfunctory and not substantive as Rule 37(a)(1) and Local Rule 7(d)(3) require.  The court therefore finds the November and December 2021 e-mails between counsel immediately preceding Plaintiff's motion do not demonstrate that Plaintiff has engaged in a good faith and sincere effort to resolve Plaintiff's asserted deficiencies in Defendants' responses to Plaintiff's discovery requests prior to Plaintiff's motion nor, for that matter, any discovery responses received after that time including Defendants' belated interrogatory answers.  The record does not indicate whether Defendants' production was completed by January 24, 2022 as Defendants represented.  Accordingly, Plaintiff's motion lacks the certification required by Rule 37(a)(1) and Local Rule 7(d)(3) and, as such, must be DENIED.  *See Thomas v. Prinzi*, 2017 WL 3105623, at *1 (W.D.N.Y. July 21, 2017) (denying three motions to compel discovery "because

they are not accompanied by a 'certification that the movant has in good faith conferred

or attempted to confer with the ... party failing to make disclosure or discovery in an

effort to obtain it without court action,' as required by Rule 37(a)(1) of the Federal Rules

of Civil Procedure").

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Dkt. 20) is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:  February 17, 2022
        Buffalo, New York