UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| WILLIAM H. COLTON, III, | **REPORT** |
| | **and** |
| Plaintiff, | **RECOMMENDATION** |
| v. | |
| ROBERT J. FULLER, | **21-CV-467JLS(LGF)** |
| TFR DISTRIBUTION LLC, | |
| TROYER MANUFACTURING LLC, | |
| | |
| Defendants | |
| Counter Claimants, | |
| v. | |
| WILLIAM H. COLTON, III, | |
| | |
| Counter Defendant. | |

_____

APPEARANCES:    RUPP PFALZGRAF LLC
                Attorneys for Plaintiff and Counter Defendant
                JAMES J. GRABER, of Counsel
                424 Main Street, Suite 1600
                Buffalo, New York   14202

                ROBERT J. FULLER, *Pro Se*
                20 Sewell Street
                Shrewsburg, Massachusetts   01545
                        and
                160 Hartwell Street
                West Boylston, Massachusetts   01583

                TFR DISTRIBUTION LLC
                TROYER MANUFACTURING LLC
                160 Hartwell Street
                West Boylston, Massachusetts   01583

## JURISDICTION

This case was referred to the undersigned for all pretrial matters by order of Hon.

John L. Sinatra, Jr., filed April 27, 2021 (Dkt. 5). It is presently before the court on Plaintiff's motion, submitted on February 9, 2023, to enforce by summary judgement a Settlement Agreement and Release ("Plaintiff's motion for summary judgment") (Dkt. 62).

## BACKGROUND and FACTS[1]

Plaintiff commenced this action on April 5, 2021, alleging Defendants breached a purchase agreement for the assets of Plaintiff's company, Troyer, Inc. d/b/a Troyer Race Cars, located in Gates, New York. Troyer Race Cars produced modified chassis race cars for NASCAR, Asphalt Modified and DIRT Modified racing events. The asset purchase agreement ("the Asset Purchase Agreement") and a related employment and lease agreement were executed by Plaintiff and Defendant Robert Fuller ("Fuller") on May 30, 2019. In connection with the Asset Purchase Agreement, Fuller agreed to form Defendant Troyer Manufacturing, LLC which acquired the assets of Troyer, Inc., Plaintiff's company, pursuant to the Asset Purchase Agreement. After the execution of the Asset Purchase Agreement, Defendant Troyer Distribution, LLC acquired all of the assets and liabilities of Defendant Troyer Manufacturing, LLC, ("the LLC Defendants") including the employment and lease agreements. As consideration for the Asset Purchase Agreement, Defendants agreed to pay $363,993 to clear Troyer, Inc.'s indebtedness to its creditors and pay $109,000 on promissory notes payable to Troyer, Inc. with $ 39,000 to be paid in 24 monthly payments of $1,625, and the remaining $ 70,000 payable no later than five years from the date of the promissory notes for a total

---

[1] Facts are taken from the papers and pleadings filed in this matter.

of $472,993.  Plaintiff alleges Defendants have failed to pay all of the $363,993 owed by Plaintiff on the Troyer Inc.'s indebtedness, including $74,999.47 Plaintiff owed on a Key Bank credit line, and have failed to make any payment required on the $109,000 promissory notes.

Counsel for Plaintiff and Defendants, then Kenneth W. Africano, Esq., negotiated over a three-month period, October through December, 2022, primarily through e-mails, a settlement of the dispute and also drafted a Settlement Agreement and Release ("the Settlement Agreement and Release") for the parties' signatures.  Thereafter, Defendants failed to execute the proposed Settlement Agreement and Release and Defendants' attorney moved, on February 13, 2023, to withdraw as Defendants' counsel based on Defendants' failure to pay counsel's outstanding legal fees.  *See* Dkt. 43.  According to Plaintiff, on January 26, 2023, Defendants' attorney stated that "Rob [Fuller] seems to have changed his mind about settlement."[2]  *See* Graber Declaration, Dkt. 62 ¶ 19.

In response to Plaintiff's motion, Defendants stated Defendants did not oppose Plaintiff's motion to file Plaintiff's motion under seal but did oppose Plaintiff's request for an expedited hearing.  *See* Dkt. 44.  In an Order filed March 7, 2023, the court granted Defendants' counsel's motion to withdraw (Dkt. 52) and advised Defendants that limited liability companies, as a hybrid corporation and partnership, are permitted to appear in federal court only by counsel (citing *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2008)).  *Id.*  The Order directed Defendants to obtain new counsel not later than May 8, 2023.  *Id.*  In a Decision and Order filed February 26, 2023 (Dkt. 47), the undersigned

---

[2]  The source of Mr. Africano's statement is not in the record.

denied without prejudice Plaintiff's motion to seal and for an expedited hearing finding the court should await the appearance of Defendants' new counsel in order to afford such counsel the opportunity to oppose Plaintiff's motion.  *See*  Dkt. 47 at 2.  By letter received by the court on March 30, 2023, Fuller sought guidance from the court regarding his attempt to secure new counsel. (Dkt. 57)  In a letter dated March 31, 2023, the court advised Fuller it was unable to provide such assistance and reminded Fuller that a corporation may proceed in federal court only through an attorney.  (Dkt. 58).  On May 2, 2023, Fuller requested the court grant an extension of the May 8, 2023 due date for Defendants to advise of new counsel for Fuller and the LLC Defendants.  (Dkt. 59)  By Text Order filed May 9, 2023, the due date for such notification was extended by the court to June 8, 2023.  *See* Dkt. 54.  By letter filed by Plaintiff on May 9, 2023 (Dkt. 55), Plaintiff requested that the June 8, 2023 deadline also apply to opposition papers on the motion to enforce the Settlement Agreement and Release, which Plaintiff moves to have sealed.  Plaintiff's request was denied by the court on May 11, 2023.  *See* Dkt. 56.  To date, Defendants have failed to provide the court with any information regarding the appearance of new counsel on behalf of the LLC Defendants or Fuller.

## DISCUSSION

It is well-settled that corporate entities, including limited liability companies, may proceed in federal court only through an attorney.  *See Lattanzio*, 481 F.3d at 140; *Lennon v. Allegiance Accounting Services*, LLC, 2022 WL 2708898, at * 1 (W.D.N.Y. June 30, 2022) (citing *Lattanzio*, 481 F.3d at 140)). Further, Fed.R.Civ.P. 55(a) provides

4

"[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit <u>or</u> <u>otherwise</u>, the clerk [of court] must enter the party's default."  ("Rule 55(a)") (underlining added).  Such relief is applicable to Defendants TRF Distribution LLC and Troyer Manufacturing LLC's failure to secure new counsel as directed in the court's order of May 9, 2023 (Dkt. 54) extending the period for doing so until June 8, 2023 which the court finds as a fact *sua sponte*.  *See City of New York v. Mickalis Pawn Shops, LLC*, 645 F.3d 114, 129-30 (2d Cir. 2011) (affirming entry of default against defendant LLC where defendant failed to provide substitute counsel following withdrawal of defendant LLC's prior attorneys) (citing cases); *see also Arwa Chiropractic, P.C. v. Med-Care Diabetic & Medical Supplies, Inc.,* 961 F.3d 942, 948 (7th Cir. 2020) (corporation's failure to timely replace withdrawing counsel provides grounds for default).  Therefore, the court finds the LLC Defendants are in default of meeting their respective obligations to defend Plaintiff's motion to enforce the Settlement Agreement and Release and, accordingly, a default in accordance with Rule 55(a) should be entered against such Defendants.  Further, in the absence of any notice of appearance by new counsel on behalf Defendant Fuller, Fuller is deemed to have elected to proceed *pro se* as the court is without authority to compel a non-corporate litigant in a civil case to proceed with counsel.  *See*, *cf.*, *Harvey v. New York City Police Dept.*, 1997 WL 292112, at *1 n. 1 (S.D.N.Y. June 3, 1997) (noting that when granting plaintiff's attorney's motion to withdraw as counsel, the judge also directed the plaintiff to obtain substitute counsel by a specific date and should the plaintiff fail to do so, "the Court would be compelled to move the case forward with plaintiff acting *pro se*.").

5

## CONCLUSION

Based on the foregoing, an entry of default pursuant to Rule 55(a) should be entered against Defendants TRF Distribution, LLC and Troyer Manufacturing LLC.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:  August 31, 2023
      Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Decision and Order / Report and Recommendation to the attorney for Plaintiffs and to Defendant.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   August 31, 2023
         Buffalo, New York